# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL E. SILUK, JR.,** | : | CIVIL ACTION NO. 1:11-CV-1654 |
| Plaintiff, | : | (Judge Conner) |
| v. | : | |
| **CATHERINE MERWIN,** Director of Perry County Domestic Relations Section | : | |
| Defendant | : | |

## ORDER

AND NOW, this 5th day of October, 2011, upon consideration of the Report and Recommendation (Doc. 9) of United States Magistrate Judge Martin C. Carlson, recommending that plaintiff's application to proceed *in forma pauperis* (Doc. 6) be granted (see Doc. 9, at 4), that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted, and that the case be closed, and upon further consideration of the second application to proceed *in forma pauperis* (Doc. 11), which the court construes as a motion to proceed without full prepayment of fees and costs, and the motion to appoint counsel (Doc. 13) filed by plaintiff, and it appearing that indigent civil litigants have no statutory right to appointed counsel, see Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); see also Mallard v. United States District Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (holding that 28 U.S.C. § 1915 does not authorize federal courts to require representation of an indigent civil litigant by an unwilling attorney), but that district courts have discretionary authority to appoint counsel for an indigent litigant in a civil case, see 28 U.S.C. §

1915(e)(1) (stating that "[t]he court may request an attorney to represent any person unable to afford counsel"); Tabron, 6 F.3d at 157-58 (stating that § 1915(e) "gives district courts broad discretion to determine whether appointment of counsel is warranted, and the determination must be made on a case-by-case-basis"),[1] and it further appearing that the Third Circuit instructs the district court to consider, as a threshold matter, whether plaintiff's claim has "arguable merit in fact and law," see Tabron, 6 F.3d at 155, and the court finding that the threshold requirement is not satisfied because plaintiff's claims are barred by the Rooker-Feldman doctrine, the Eleventh Amendment, and the doctrine of judicial and quasi-judicial immunity, and following an independent review of the record and noting that plaintiff filed objections to the report on October 5, 2011 (Doc. 21), and the Court finding Judge Carlson's analysis to be thorough and well-reasoned, and the court further finding

---

[1] Tabron refers to 28 U.S.C. § 1915(d) as the source of the court's discretionary authority to appoint counsel in a civil case. The relevant provision currently resides in subsection (e). See 28 U.S.C. § 1915(e). Congress amended 28 U.S.C. § 1915 in 1996, see Pub. L. No. 104-134, 110 Stat. 1321, adding subsection (b) and re-designating subsection (d) as subsection (e). Id. § 804(a)(2).

plaintiff's objections[2] to be without merit and squarely addressed by Judge Carlson's report (Doc. 9), it is hereby ORDERED that:

1. The Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc. 9) is ADOPTED.

2. Plaintiff's first application to proceed *in forma pauperis* (Doc. 6) is CONSTRUED as a motion to proceed without full prepayment of fees and costs and is GRANTED as so construed.

3. Plaintiff's second application to proceed *in forma pauperis* (Doc. 11) is CONSTRUED as a motion to proceed without full prepayment of fees and costs and is DENIED as duplicative.

4. Plaintiff's motion to appoint counsel (Doc. 13) is DENIED.

5. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief can be granted.

6. The Clerk of Court is directed to CLOSE this matter.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).